Julie C. Erickson, State Bar No. 293111 (julie@eko.law)
Elizabeth A. Kramer, State Bar No. 293129 (elizabeth@eko.law)
Kevin M. Osborne, State Bar No. 261367 (kevin@eko.law)
**Erickson Kramer Osborne LLP**
44 Tehama Street
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A., a minor, represented by his mother and next friend ANDREA DEAMS, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>2K GAMES, INC.; and TAKE-TWO INTERACTIVE SOFTWARE, INC.,<br><br>        Defendants. | Case No.: 3:23-cv-5961-JD<br><br><br>**NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR NON-PARTY MICROSOFT CORPORATION TO RESPOND TO DISCOVERY**<br><br>Hon. James Donato<br><br>Dept.: Courtroom 11 |

NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR NON-PARTY MICROSOFT
CORPORATION TO RESPOND TO DISCOVERY; CASE NO.: 3:23-CV-5961-JD

## **MOTION**

Plaintiff J.A., a minor, represented by his mother and next friend Andrea Deams ("Plaintiff") will and hereby does move the Court for an order extending time for third-party Microsoft Corporation to comply with a duly issued subpoena.

This motion is made pursuant to Civil Local Rule 6-3 and Rule 16(b)(4) of the Federal Rules of Civil Procedure. Under the provisions of Local Rule 6–3, which governs motions to change time, this Motion need not be noticed for hearing. Plaintiff asks the Court to rule on this Motion without a hearing and does not seek to have this heard on shortened notice.

The motion is based upon the following Memorandum of Points and Authorities, the Declaration of Julie C. Erickson in Support of Plaintiff's Motion and all exhibits thereto, all other pleadings and papers on file, and such other arguments and materials as may be presented before the motion is taken under submission.

Dated this July 18, 2025.                    ERICKSON KRAMER OSBORNE LLP

                                             /s/ Julie C. Erickson
                                             Julie C. Erickson
                                             Elizabeth A. Kramer
                                             Kevin M. Osborne

                                             *Attorneys for Plaintiff*

NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR NON-PARTY MICROSOFT CORPORATION TO RESPOND TO DISCOVERY; CASE NO.: 3:23-CV-5961-JD

i

**<u>Statement of Issues to Be Decided</u>**

Pursuant to the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Rule 7-4(a)(3), Plaintiff asks the Court to rule on the following issues:

   a.  Whether there is good cause to modify the Second Amended Scheduling Order (ECF 66) to provide for two minor exceptions to the fact discovery cut-off with respect to two subpoenas duces tecum Plaintiff issued to Microsoft, as requested herein and as stipulated to by Plaintiff and Microsoft.

NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR NON-PARTY MICROSOFT CORPORATION TO RESPOND TO DISCOVERY; CASE NO.: 3:23-CV-5961-JD

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Civil Local Rule 6-3, Plaintiff J.A., a minor, represented by his mother and next friend Andrea Deams, moves the Court to modify the Second Amended Scheduling Order (ECF 66) to grant two minor exceptions to the close of fact discovery with respect to non-party Microsoft Corporation ("Microsoft"). These exceptions allow for implementation of a thoroughly negotiated stipulation whereby Microsoft provides preliminary information about the requested data and confirmation of its eventual production, while delaying full subpoena compliance until (and only if) certification is granted. Plaintiff seeks these modifications to the Scheduling Order:

**First**, while Microsoft is providing exemplars of data requested by Plaintiff's subpoenas, Microsoft's deadline for responding to Plaintiff's May 2024 and June 2025 subpoenas for all class members will be 30 days after an order (if any) granting certification of a class.

**Second**, Plaintiff's deadline for filing a motion to compel compliance with respect to documents responsive to Plaintiff's May 2024 and June 2025 subpoenas that are specific to Plaintiff J.A. is extended to September 18, 2025.

This Motion is the result of several months of active and continuous negotiations between counsel for Microsoft and counsel for Plaintiffs. It is designed to minimize the burden and expense imposed on Microsoft in complying with Plaintiff's Rule 45 subpoena duces tecum while also permitting Plaintiff to obtain records that are relevant and in Microsoft's exclusive possession. The requested extension will further allow both Plaintiff and Microsoft to continue their ongoing meet and confer efforts with respect to Plaintiff-specific documents and, potentially, obviate the need to seek judicial intervention. Meanwhile, this limited extension cannot conceivably prejudice any party. The Motion, therefore, should be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant 2K Games, Inc. is a videogame publisher. Defendant Take-Two Interactive Software, Inc. is its parent company. Defendants (collectively "2K") generate profit by inducing gamers, including millions of minors, to exchange real money for "virtual currency," or "VC,"

NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR NON-PARTY MICROSOFT CORPORATION TO RESPOND TO DISCOVERY; CASE NO.: 3:23-CV-5961-JD

1

that gamers spend on player enhancements within its videogame environments. Plaintiff's complaint alleges 2K eventually wipes out the balance of gamers' VC accounts, depriving them of its benefit, with no effective notice and no legitimate justification. *See generally*, ECF 43, Plaintiff's First Amended Complaint.

Third-party Microsoft is the maker of the popular gaming console Xbox and oversees its corresponding online platform. Consoles such as Microsoft Xbox are the primary mediums with which users play 2K videogames. VC is purchased by users directly through Microsoft's platform, rather than from 2K itself. Erickson Decl., ¶ 2. While 2K collects and maintains data about users' engagement with its games, it does not possess or have access to certain transaction data, gamer identity, or age of its gamers. *Id*. at ¶ 3. As a first party to the transactions and the point of sale, Microsoft exclusively possesses such data. *Id.*

On May 24, 2024, Plaintiff served Microsoft with a subpoena duces tecum seeking "documents sufficient to show all transactions where [Microsoft] sold, issued, or otherwise provided virtual currency to [its] customers." Erickson Decl., ¶ 4, Ex. 1, Request No. 1.[1] Microsoft responded with only objections. Nevertheless, counsel for Microsoft and counsel for Plaintiff have engaged in active and continuous negotiations regarding that subpoena since it was served. *Id*. at. ¶ 6.

On June 13, 2025, Plaintiff served a second subpoena on Microsoft with two document requests seeking (1) "all documents sufficient to identify all customers in the United States who used or played VC games during the [relevant period]," and (2) "all documents sufficient to identify all customers in the United States who used or played VC games during the [relevant period] and were minors at any time during that period." Erickson Decl. ¶ 7, Ex. 3. Again, Microsoft responded with only objections but counsel engaged in frequent and continuous efforts to reach an agreement. *Id*. at ¶ 7.

On October 2, 2024, the Court entered a Scheduling Order (ECF 41) setting the Fact Discovery Cut-Off as July 11, 2025. By that cutoff, counsel for Microsoft and counsel for

---

[1] The subpoena included three other requests, but Plaintiff seeks only to extend the deadline for Microsoft's response to Request Number 1 only.

NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR NON-PARTY MICROSOFT CORPORATION TO RESPOND TO DISCOVERY; CASE NO.: 3:23-CV-5961-JD

Plaintiffs had exchanged several drafts of a stipulation to permit discovery to remain open in a limited capacity, the result of which is the agreement now filed. Erickson Decl. ¶ 6, Ex. 2; ¶ 8. On July 18, 2025, the Court entered a Second Amended Scheduling Order (ECF 66), approving of several modifications to the discovery deadlines as stipulated by Plaintiff and Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively "2K"). In part, the Second Amended Scheduling Order approved of a stipulation that is nearly identical to the one between Plaintiff and Microsoft.

Plaintiff informed 2K as early as July 9, 2025 that it was seeking a stipulation with Microsoft for this limited extension. Erickson Decl. ¶ 9. Plaintiffs sought the consent of 2K in the present agreement with Microsoft as well, but 2K refused. Rather than identify any tangible prejudice likely to result from this limited extension, 2K refused on the basis that it did not know about Plaintiff's "ex parte discussions" with Microsoft. *Id*. at ¶ 10, Ex. 4.

> "We do not know what their respective positions will be, whether they have objected on any grounds or otherwise limited the scope of what they may or may not be willing to provide. We do not know whether the information you are seeking, or the third parties may be contemplating providing, implicates information that belongs to our clients or their customers. Ultimately, we are not in a position to execute a stipulation that relates to what a third party may or may not be willing to do."

*Id*. Accordingly, Plaintiff brings this request for relief through the present Motion under Civil Local Rule 6-3.

## ARGUMENT

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id*.; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Where the moving party has not been diligent, the inquiry ends, and the motion should be denied. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609. Here, Plaintiff has acted diligently to

NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR NON-PARTY MICROSOFT CORPORATION TO RESPOND TO DISCOVERY; CASE NO.: 3:23-CV-5961-JD

3

warrant this limited and non-prejudicial extension, and sufficient good cause exists to grant Plaintiff's request.

### A. Plaintiff Has Acted Diligently in Seeking this Discovery

While Plaintiff served the May 2024 subpoena over a year ago, he has acted diligently in obtaining the information it seeks. At that stage in the case, Plaintiff did not yet know that Microsoft exclusively possessed the information sought by the May 2024 subpoena and that 2K did not have access to it. Erickson Decl., ¶ 5. This was in part because 2K refused to engage in any discovery while its February 2024 Rule 12 motion to dismiss was pending. ECF 14. Only after Plaintiff sought the Court's intervention and the Court issued an order advising 2K that discovery was not stayed (ECF 37) did 2K respond to any of Plaintiff's discovery requests (Erickson Decl., ¶ 5.) Plaintiff therefore did not seek judicial intervention at that time, as Plaintiff believed it was possible that all relevant data could be obtained through 2K directly. *Id.*

By September 2024, 2K had responded to discovery from Plaintiff stating that it did not possess transaction records regarding gamer transactions and that platforms, such as Microsoft, were in exclusive possession of such data. Erickson Decl., ¶ 5. Since then, counsel have exchanged in approximately 65 lengthy emails and letters, more than 5 phone calls, and numerous rounds of drafting of the stipulation that ultimately resulted from these negotiations. *Id.* at ¶ 6. Counsel for Plaintiff has been diligent in seeking this relief.

### B. The Extension Allows Non-party Microsoft to Comply with Plaintiff's Subpoena in a Way that is Minimally Burdensome and Expensive

"The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b)." *Erickson v. Builder Advisor Group*, 2022 WL 1265823, at *2 (N.D. Cal, Apr. 28 2022) (quoting *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal June 7, 2016)). But unlike party discovery, a plaintiff seeking non-party discovery through a subpoena duces tecum is under an affirmative obligation to avoid unnecessary burden and expense. Fed. R. Civ. Pro. § 45(d)(1).

Plaintiff has worked hard to achieve a result here that avoids a motion to compel, used the meet and confer process to understand what information is available, and secures production

NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR NON-PARTY MICROSOFT CORPORATION TO RESPOND TO DISCOVERY; CASE NO.: 3:23-CV-5961-JD

of relevant information if and only if it will be used in the litigation. The stipulation to extend discovery in this manner is a straightforward and fair way to meet the burden minimization obligation under Rule 45. This should weigh in favor of granting Plaintiff the relief sought here.

### C. There Is No Conceivable Prejudice that Could Result from this Narrow Extension

The 2K party defendants cannot be, and in fact do not argue they will be, prejudiced by Plaintiff's narrow extension. Counsel for Plaintiff has been transparent with 2K about taking this phased approach with third parties, and negotiated essentially the same approach with respect to obtaining transactional data from 2K. *See*, *e.g.*, ECF 62, Joint Stipulation to Seek Relief from the Scheduling Order. Plaintiff will enjoy no unfair benefit from this requested extension because 2K will receive the same records Plaintiff receives at the same time as Plaintiff. 2K was clearly indifferent to the subject matter of the records as it never issued its own subpoena to Microsoft and never objected to or moved to quash the subpoenas when they were served.

Nor can 2K argue it is prejudiced because it does not know whether there are privacy implications for 2K users. Aside from having received a copy of the subpoena and not objecting or moving to quash, Microsoft is a platform that 2K directly engaged to perform the service of transacting VC for 2K users. 2K knows precisely what the targeted information is. Any privacy concerns can be addressed by anonymization, production directly to an administrator (rather than to the Parties), or a variety of other protections regularly employed in discovery. Plaintiffs and Microsoft conferred on privacy protections as part of entering into the stipulations, and 2K can join that discussion well in advance of any actual production.

### CONCLUSION

Good cause exists to approve the two minor exceptions to the fact discovery cut-off, as stipulated to by Plaintiff and non-party Microsoft. For this, and the other reasons set forth in this Motion, Plaintiff respectfully requests relief from the Second Amended Scheduling Order (ECF 66) in the two minor respects as set forth herein.

NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR NON-PARTY MICROSOFT CORPORATION TO RESPOND TO DISCOVERY; CASE NO.: 3:23-CV-5961-JD

Dated this July 18, 2025                      ERICKSON KRAMER OSBORNE LLP


                                             /s/ Julie C. Erickson
                                             Julie C. Erickson
                                             Elizabeth A. Kramer
                                             Kevin M. Osborne

                                             Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Linda E. Oxford declare:

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Erickson Kramer Osborne LLP, 44 Tehama St., San Francisco, CA 94105.

On July 18, 2025, I served a copy of the following documents:

**NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR NON-PARTY MICROSOFT CORPORATION TO RESPOND TO DISCOVERY**

☒  by transmitting via e-mail the documents to the person(s) at the e-mail addresses set forth below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Charlotte Wasserstein (CharlotteWasserstein@dwt.com)
Davis Wright Tremaine LLP
5870 West Jefferson Blvd, Suite H
Los Angeles, CA 90016
*Counsel for Non-Party Microsoft Corporation*

☒  by transmitting via the CM/ECF system to the person(s) at the e-mail addresses set forth below:

Becca Wahlquist (BWahlquist@kelleydrye.com)
KELLEY DRYE & WARREN LLP
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071

Michael C. Lynch (MLynch@kelleydrye.com)
James B. Saylor (JSaylor@kelleydrye.com)
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
*Counsel for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 18, 2025, at Walnut Creek, California.

*/s/ Linda E. Oxford*
Linda E. Oxford

NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR NON-PARTY MICROSOFT CORPORATION TO RESPOND TO DISCOVERY; CASE NO.: 3:23-CV-5961-JD

7

NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR NON-PARTY MICROSOFT
CORPORATION TO RESPOND TO DISCOVERY; CASE NO.: 3:23-CV-5961-JD

8